IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EUGENE SCALIA,  )<br>SECRETARY OF LABOR,  )<br>UNITED STATES DEPARTMENT OF LABOR,  )<br>                Plaintiff,  )<br>                         )<br>      v.  )<br>                         )<br>ABRAMS GROUP, LLC, D/B/A FREDO'S  )<br>WINE AND TAPAS AND ALFRED  )<br>ABDELMASEH,  )<br>                Defendants.  ) | CIVIL ACTION FILE<br>NO. 6:20-cv-1244 |

COMPLAINT

Plaintiff brings this action to enjoin Defendants from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter called the Act, pursuant to section 17 of the Act; and to recover unpaid minimum wages and overtime compensation owing for Defendants' employees, together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

I

Jurisdiction of this action is conferred upon the Court by section 16(c) and 17 of the Act, and by 28 U.S.C. § 1345.

II

Defendant Abrams Group, LLC d/b/a Fredo's Wine and Tapas is a Kansas limited liability company with its principal place of business located at 301 N. Washington Street, Wichita, KS 67202 within the jurisdiction of this Court.

Defendant Alfred Abdelmaseh resides in Wichita, Kansas within the jurisdiction of this Court and is an owner of Abrams Group, LLC d/b/a Fredo's Wine and Tapas and

acts directly or indirectly in the interest of Defendant Abrams Group, LLC d/b/a Fredo's Wine and Tapas in relation to its employees, and therefore, is an employer within the meaning of Section 3(d) of the Act.

III

The activities of Defendants referred to in paragraph II were, and are, related and performed through unified operation or common control for a common business purpose, and have, since at least July 25, 2018, constituted an enterprise within the meaning of section 3(r) of the Act.

IV

At all times hereinafter mentioned, Defendants employed, and are employing, employees in and about Defendants' said place of business whose work involves the regular use of the instrumentalities of interstate commerce. Said employees regularly and frequently process credit card payments. The credit card transactions send information to the Defendants' point of sale system which is located outside the State of Kansas and also send information to credit card companies located outside the State of Kansas. These credit card payments send and communicate information across state lines. Said employees process credit card payments as a regular and frequent part of their jobs when customers pay for the food and alcohol sold by Defendants. Therefore, said employees were, and are, engaged in commerce or in the production of goods for commerce within the meaning of the Act.

V

Defendants have willfully violated and are willfully violating the provisions of sections 6 and 15(a)(2) of the Act by failing to pay to certain employees, for their employment in commerce or in the production of goods for commerce, wages at rates not less than $7.25 per hour.

VI

Defendants have willfully violated and are willfully violating the provisions of sections 7 and 15(a)(2) of the Act by employing certain employees in commerce or in the production of goods for commerce for workweeks longer than 40 hours since at least July 25, 2018, without compensating said employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

VII

Defendants, employers subject to the provisions of the Act, have willfully violated and are willfully violating the provisions of sections 11(c) and 15(a)(5) of the Act, in that since at least July 25, 2018, Defendants have failed to make, keep, and preserve adequate and accurate records of Defendants' employees and of the wages, hours, and other working conditions and practices of employment maintained by Defendants, as prescribed by the regulations (29 Code of Federal Regulations Part 516) promulgated pursuant to section 11(c) of the Act in that the records kept by Defendants failed to show, among other things, the hours worked each work day and each workweek and payments made with respect to certain of Defendants' employees.

VIII

A judgment permanently enjoining and restraining the violations herein alleged, including the restraint of the continued withholding of unpaid minimum wages and overtime compensation due Defendants' employees, is specifically authorized by section 17 of the Act.

IX

As a result of the violations alleged in paragraphs V and VI above, amounts are owing for certain present and former employees, including those persons specifically named in Appendix A attached to Plaintiff's complaint in amounts which are presently unknown to Plaintiff for the period from July 25, 2018 to October 15, 2019. Inasmuch as the violations are continuing, additional amounts are accruing since October 15, 2019, for certain of these employees and for employees who are presently unknown to Plaintiff in amounts presently unknown to Plaintiff.

A judgment granting recovery of said amounts, together with an equal additional amount as liquidated damages, is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown:

Plaintiff prays judgment, pursuant to section 17 of the Act, permanently enjoining and restraining Defendants, Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of section 15(a)(2) and 15(a)(5) of the Act and from withholding payment of unpaid minimum wage and overtime compensation.

Plaintiff prays for judgment, pursuant to section 16(c) of the Act, against Defendants for unpaid minimum wages and overtime compensation found by the Court to be due to Defendants' present and former employees for the period of July 25, 2018 to October 15, 2019 and in such further amounts as the Court may find due after October 15, 2019, and for an equal additional amount as liquidated damages.

Should the Court decline to award said liquidated damages, Plaintiff further demands the award of interest on said unpaid minimum wages and overtime compensation from the date said unpaid minimum wages and overtime compensation became due, until date of judgment.

Plaintiff further demands the award of post-judgment interest as authorized by 28 U.S.C. § 1961, and prays that he recover the costs of this action.

Plaintiff further prays for such other relief as the Court may find due.

        Kate S. O'Scannlain
        Solicitor of Labor

        Christine Z. Heri
        Regional Solicitor

        Evert H. Van Wijk
        Associate Regional Solicitor

        /s/Laura M. O'Reilly
        Laura O'Reilly
        Kansas Bar # 25856
        Attorney

        2300 Main Street, Suite 1020
        Kansas City, MO 64108
        (816) 285-7260
        (816) 285-7287 (fax)
        Oreilly.laura.m@dol.gov

        U.S. Department of Labor
        Attorneys for Plaintiff