**In the United States District Court
for the District of Kansas**

---

Case No. 6:20-cv-1244

---

MARTIN J. WALSH, SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

*Plaintiff*

v.

ABRAMS GROUP, LLC, D/B/A FREDO'S WINE
AND TAPAS AND ALFRED ABDELMASEH

*Defendants*

---

## **DEFAULT JUDGMENT ORDER**

Before the Court is a Motion by Plaintiff Eugene Scalia, Secretary of the U.S. Department of Labor (the "Secretary"), for Entry of Default Judgment against Defendants Abrams Group, LLC d/b/a Fredo's Wine and Tapas and Alfred Abdelmaseh (collectively "Defendants"). The Court finds the requirements of Rule 55(b) have been satisfied in the present case. Plaintiff's Motion for Entry of Default Judgment is GRANTED.

IT IS ORDERED, ADJUDGED, AND DECREED that:

1. Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of the judgment be, and each of them hereby is, permanently enjoined and restrained from violating the provisions of sections 215(a)(2), (5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter called the Act, in any of the following manners:

    a. Defendants shall not, contrary to §§ 206 and 215(a)(2), fail to pay their employees who

   in any workweeks are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates not less than $7.25 per hour, or any rate subsequently made applicable by amendment to the Act.

   b. Defendants shall not, contrary to §§ 207 and 215(a)(2), employ any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours without compensating such employee for his or her employment in excess of 40 hours per workweek, at a rate not less than one and one-half times the regular rate at which he or she is employed.

   c. Defendants shall not, contrary to §§ 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate records of their employees, and of the wages, hours, and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to § 211(c) of the Act and 29 C.F.R. Part 516.

2. Within 60 days of the date of this Judgment, Defendants shall pay to Plaintiff the sum of $10,779.40 in unpaid overtime and minimum wage compensation for work performed by Defendants' employees named in Appendix A, attached hereto, during the period of July 25, 2018 to October 15, 2019 and an additional $10,779.40 in liquidated damages for a total of $21,558.80.

3. Defendants shall deliver to the U.S. Department of Labor-Wage and Hour Division, P.O. Box 2638, Chicago, Illinois 60690-2638, a certified check or a cashier's check made payable to "Wage and Hour Division-Labor" in the amount of $21,558.80. Along with the check, Defendants

shall furnish their federal tax identification number, as well as the Social Security number and last known address for each employee identified in Appendix A.

4. Upon full payment from Defendants, Plaintiff shall file with the Court a certificate of payment, and representatives of Plaintiff shall distribute such amounts less appropriate deductions for federal income withholding taxes and the employees' share of the Social Security (FICA) tax to the employees or their representatives, as their interests may appear. Defendants remain responsible for paying the employer's share of any applicable taxes arising from or related to the back wages distributed by Plaintiff.

5. Any funds not distributed by Plaintiff within a period of 3 years from the date of this Judgment because of inability to locate the proper persons or because of such person's refusal to accept the sums sought to be distributed shall be deposited in the United States Treasury as miscellaneous receipts.

6. Any unpaid balance not paid by Defendants as required by the terms of this Judgment is a debt owing to the United States and is subject to the Debt Collection Act of 1982, (Public Law 97-365) and the Debt Collection Improvement Act of 1996, 31 U.S.C. §§ 3701-3719.

7. Nothing in this Judgment shall preclude Plaintiff from enforcing violations of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) against Defendants that occurred at times or locations other than those described in Plaintiff's Complaint.

8. Nothing in this Judgment affects the rights of any current or former employees of Defendants with respect to any claimed violations of the Act for time periods or locations other than those described in Plaintiff's Complaint.

9. Each party shall bear his, her or its own costs, fees, and other expenses incurred by such party in connection with any stage of these proceedings.

10. The Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Judgment.

**IT IS SO ORDERED.**

Date:  April 5, 2021            s/ Toby Crouse

                                            Toby Crouse
                                            United States District Judge